IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

ALLEN ALPHONZO ADAMS,    :
              :
    Plaintiff,     :
              :
    VS.       :
              :  NO. 5:12-CV-321 (MTT)
              :
ROBERT HENDERSON;    :
Asst Warden JULIE BISHOP;   :
United States Magistrate Judge   :
THOMAS Q. LANGSTAFF;   :
United States District Judge    :  **PROCEEDINGS UNDER 42 U.S.C. ▪1983**
W. LOUIS SANDS;     :  **BEFORE THE U. S. MAGISTRATE JUDGE**
LORI WILLIAMS,     :
              :  **ORDER AND RECOMMENDATION**
_____Defendants._____:

Plaintiff **ALLEN ALPHONZO ADAMS**, a prisoner at the Georgia Diagnostic and

Classification State Prison in Jackson, Georgia, has filed a *pro se* civil rights complaint under 42

U.S.C. ▪ 1983.   (ECF No. 1).

## I.  *REQUEST TO PROCEED IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor

pursuant to 28 U.S.C. ▪ 1915(a).   (ECF No. 2)   As it appears plaintiff is unable to pay the cost of

commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

Plaintiff also filed a second motion to proceed *in forma pauperis*.   (ECF No. 6).   This motion is

**DENIED AS MOOT**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless

pay the full amount of the $350.00 filing fee.   28 U.S.C. ▪ 1915(b)(1).   If the prisoner has

sufficient assets, he must pay the filing fee in a lump sum.   If sufficient assets are not in the

account, the court must assess an initial partial filing fee based on the assets available.   Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee.   28 U.S.C. ▪ 1915(b)(4).   In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff=s submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee.   The agency having custody of Plaintiff shall forward said payments from Plaintiff=s account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C. § 1915(b)(2). The clerk of court is directed to send a copy of this Order to the business manager and the warden of the institution where Plaintiff is confined.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. ▪ 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint Awhich seeks redress from a governmental entity or officer or employee of a governmental entity.@  Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) Afrivolous, malicious, or fails to state a claim upon which relief may be granted@ or (2) Aseeks monetary relief from a defendant who is immune from such relief.@

A claim is frivolous when it appears from the face of the complaint that the factual allegations are Aclearly baseless@ or that the legal theories are Aindisputably meritless.@  *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include Aenough factual matter (taken as true)@ to Agive the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]@*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that A[f]actual allegations must be enough to raise a right to relief above the

2

speculative level,@ and that the complaint Amust contain something more . . . than Y a statement of facts that merely creates a suspicion [of] a legally cognizable right of action@ (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (explaining that Athreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice@).

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, A[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.@ *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). In order to state a claim for relief under ▪ 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district courts dismissal of a ▪ 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in ▪ 1915A Ashall@ be dismissed on preliminary review).

## III. STATEMENT AND ANALYSIS OF CLAIMS

Plaintiff is back before this Court with more shotgun pleadings that set forth a plethora of unrelated claims.[1] Plaintiff filed his original complaint and motion to proceed *in forma pauperis* on August, 10, 2012. (ECF No. 1, 2). Since that time he has filed no less than twelve motions, all of which, in keeping with Plaintiffs practice, contain rambling, virtually incoherent allegations

---

[1] For similar pleadings see *Adams v. Wesley*, 1:11-CV-155 (WLS) and *Adams v. Hart*, 5:12-CV-436 (MTT).

and various requests for relief.

Although difficult to decipher, Plaintiff's original complaint[2], construed liberally, sets forth four claims:   (1) A First Amendment access to courts claim against Robert L. Henderson, Assistant Warden Bishop, and Lori Williams; (2) a due process claim against District Judge W. Louis Sands and United States Magistrate Judge Thomas Q. Langstaff; (3) a fanciful claim regarding Warden Bishop's plot to murder Plaintiff either by poisoning his food or having other inmates stab him; and (4) a claim that he is not receiving medical care.   (ECF No. 1).

A.   Access to Courts

The gravamen of Plaintiff's complaint appears to be that he has been denied access to the courts because "Commissioner Henderson is allowing assistance (sic) Warden Bishop an[d] Administrator Staff Lori Williams to [stop] all of Adams legal indigent outgoing mail to the Courts an[d] federal agency office."   (Doc. 1 at 6).   Plaintiff has provided the most details about this particular claim.   The Court, however, finds this claim very hard to believe because it has been inundated with "legal mail" from Plaintiff in both this case and in ***Adams v. Wesley***, 1:11-CV-155 (WLS).   It certainly does not appear that Defendants Henderson, Bishop, and Williams have successfully stopped any of Plaintiff's legal mail from reaching this particular Court.   However, the Court realizes that Plaintiff's complaint must be liberally construed and allegations must be taken as true.

Even with a liberal construction, Plaintiff has not alleged enough to hold Butts County Commissioner Robert Henderson responsible for this claim.   Plaintiff merely states that Commissioner Henderson "is allowing" Warden Bishop and Lori Williams to stop all of his legal

---

2  As amended by Plaintiff's first Motion to Amend that was filed on August 27, 2012, and granted by this Court in an Order entered on this same date.

mail.   (ECF No. 1 at 6).   Plaintiff does not explain how County Commissioner Henderson has any knowledge of, much less control over, the mailing procedures at a state prison.   Claims against county commissioners are construed as claims against the County.   To establish municipal liability, Plaintiff would have to show that Butts County has a policy or custom of violating the constitutional rights of individuals and that the policy or custom is the moving force behind the constitutional violation he alleges.   *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986*); Church v. City of Huntsville*, 30 F.3d 1332, 1343 (11th Cir. 1994).   He must also show a direct causal link between the alleged policy and the constitutional deprivations.   *City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989).   The duty to administer a state prison would flow from the state, not the county.   Therefore, the Court fails to see how County Commissioner Henderson has any authority to allow or disallow any action at the Georgia Diagnostic and Classification State Prison.

It is therefore **RECOMMENDED** that Commissioner Robert L. Henderson be **DISMISSED** from this action.

Pursuant to 28 U.S.C. ▪ 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within fourteen (14) days after being served a copy of this order.

Plaintiff has attached a form letter from the Supreme Court of Georgia Clerk's Office, in which that court explains it has not received Plaintiff's appeal.   Plaintiff shows "This One" on the top of this letter.   Although not entirely clear, the Court assumes at this stage in the litigation that this was some of the "legal mail" that has been held by Defendants Bishop and Williams and will let this claim go forward against these two Defendants only.

5

B.   <u>Due Process Claim against Judges Sands and Langstaff</u>

Plaintiff complains that Judges Sands and Langstaff refused to grant a temporary restraining order in ***Adams v. Wesley***, 1:11-CV-155 (WLS).   Federal Judges are entitled to absolute judicial immunity for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction.   *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (quotations and citations omitted).   In this case, the two judges were "acting in their judicial capacity" when they ruled in Plaintiff's 42 U.S.C. § 1983 action.

It is therefore **RECOMMENDED** that Judges W. Louis Sands and Thomas Q. Langstaff be **DISMISSED** from this action.

Pursuant to 28 U.S.C. ▪ 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within fourteen (14) days after being served a copy of this order.

C.   <u>Warden Bishop's Unsuccessful Attempts at Murder</u>

Plaintiff states that Warden Bishop planned to have him "killed off" on March 1, 2012. (ECF No. 1 at 9).   To that end, she "sent two of her officer[s]" to arm four or five inmates with knives to "stab [Plaintiff] up on 3-1-2012."   (ECF No. 1 at 9).   Plaintiff explains that they tried to make it appear to be an accident.   It is unclear if Plaintiff was injured.

As the stabbing proved unsuccessful, Plaintiff alleges that Warden Bishop then decided to have "one of her staff to food poison him."   (ECF No. 1 at 9).   He explains that she "keep[s] on trying to kill" him, but has not yet succeeded.   (ECF No. 1 at 9).   Plaintiff states that she has, however, managed to make him ill with her poison food.   According to him, his fingernails have turned purple "from that food poison," and he thinks his liver is "going bad."   (ECF No. 1 at 9).

The Court finds that this particular claim is "fanciful, fantastic and delusional."  *O'Leary v. Baker*, No. 7:07-CV-174 (HL), 2007 U.S. Dist. LEXIS 79875 at *3 (M. D. Ga. October 29, 2007) (internal quotations omitted).   These particular allegations appear to fall into the category of cases describing scenarios clearly removed from reality.  *See Sultenfuss v. Snow*, 894 F.2d 1277, 1278 (11th Cir. 1990) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)).   In *Neitzke*, the Supreme Court recognized the ability of the court to dismiss claims that were fantastic or that presented delusional scenarios. *Neitzke*, 490 U.S. at 327.   Although the initial assessment of Plaintiff's factual allegations must be construed in favor of the Plaintiff, a finding of frivolousness is appropriate, however, where the factual allegations are irrational or wholly incredible.   The Undersigned finds such is case regarding this claim.

It is therefore **RECOMMENDED** that Plaintiff's claim that Warden Bishop is plotting his murder be **DISMISSED** from this action.

Pursuant to 28 U.S.C. ▪ 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within fourteen (14) days after being served a copy of this order.

D.   Conclusory allegation regarding lack of medical care

When Plaintiff describes the ill effects from the alleged food poisoning, he states that he "still has not received any medical help."   (ECF No. 1 at 9).   This is his only claim regarding the lack of medical care.   He does not explain who has denied him medical care, when such care was denied, what exactly was denied, or how he suffered due to the denial.   As the Supreme Court has explained, ▪[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.   Moreover, Plaintiff has not

7

linked any of the named Defendants to this claim

It is therefore **RECOMMENDED** that Plaintiff's claim that he is not receiving medical care be **DISMISSED** from this action.

Pursuant to 28 U.S.C. ▪ 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within fourteen (14) days after being served a copy of this order.

The Court notes that there is another reason why Plaintiff's claims regarding an alleged lack of due process, two failed murder attempts, and a lack of medical care should not be allowed to proceed beyond the frivolity stage in this action.   Plaintiff, just as in the other actions he has filed in this Court, has filed shotgun-style pleading in which he makes numerous unrelated claims and provides a stream-of-consciousness narrative against various defendants.   Shotgun pleadings, such as this, "wreak havoc on the judicial system."   *Byrne v. Nezhat*, 261 F.3d 1075, 1130 (11th Cir. 2001).   Moreover, a § 1983 plaintiff may set forth only related claims in one 42 U.S.C. § 1983 action.   A plaintiff may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action."   Fed. R. Civ. P. 20(a)(2)(A)-(B).   As recognized by the Eleventh Circuit, "a claim arises out of the same transaction or occurrence if there is a logical relationship between the claims."   *Construction Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F.3d 1334, 1337 n.6 (11th Cir. 1998). Plaintiff has failed to show any type of "logical relationship" between these various claims.   This provides yet another reason why all claims, except his claim that his legal mail is being held, should be dismissed.

In conclusion, Plaintiff has raised sufficient facts so his claim that Defendants Bishop and Williams are holding his legal mail should proceed beyond this initial screening.

It is hereby **ORDERED** that service be made against these two Defendants and they file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. ▪ 1915, and the ***Prison Litigation Reform Act***.

**Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).**

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address.  Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party=s pleadings filed herein.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.   Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.   This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.   A party need not serve the opposing party by mail if the opposing party is

represented by counsel.   In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## <u>DISCOVERY</u>

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff.   The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.   Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE.   The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.   **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court.   This 90-day period shall run separately as to each plaintiff and each defendant beginning

10

on the date of filing of each defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

<u>**REQUESTS FOR DISMISSAL AND/OR JUDGMENT**</u>

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

<u>**DIRECTIONS TO CUSTODIAN OF PLAINTIFF**</u>

11

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month=s income credited to plaintiff=s account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the *Prison Litigation Reform Act*, plaintiff=s custodian is hereby authorized to forward payments from the prisoner=s account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff=s trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff=s lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## PLAINTIFF=S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments.  In addition, plaintiff=s complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED and RECOMMENDED**, this 10th day of September, 2012.

12

S/ STEPHEN HYLES
UNITED STATES MAGISTRATE JUDGE