IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ALLEN ALPHONZO ADAMS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CIVIL ACTION NO.: 5:12-CV-321 (MTT) |
| | : | |
| ROBERT HENDERSON; | : | |
| Asst. Warden JULIE BISHOP; | : | |
| United States Magistrate Judge | : | |
| THOMAS Q. LANGSTAFF; | : | |
| United States District Court Judge | : | |
| W. LOUIS SANDS; | : | |
| LORI WILLIAMS, | : | **PROCEEDINGS UNDER 42 U.S.C. ▪1983** |
| | : | **BEFORE THE U. S. MAGISTRATE JUDGE** |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff **ALLEN ALPHONZO ADAMS**, a prisoner at the Georgia Diagnostic and Classification State Prison in Jackson, Georgia, filed his original complaint in this Court on August 10, 2012. (ECF No. 1). Since that time he has filed numerous motions. (ECF No. 5 to 17). This Report and Recommendation addresses four of these motions:

1. Plaintiff's "Motion for Injunction (sic) Relief" (ECF No. 10). As with all of Plaintiff's pleadings, it is not entirely clear what he is requesting. Specifically, it is unclear if Plaintiff is requesting immediate injunctive relief in this motion or simply requesting injunctive relief in general. At any rate, he requests injunctive relief for many issues that are not even raised in his complaint. Plaintiff requests the Court to order Defendants to "pay costs for expense (sic) in filing fees an (sic) litigation research in preparing this case" and to order that Defendants be removed from their jobs. (ECF No. 10 at 1). Plaintiff also requests the Court to order that corrections be made in "hospital observation rooms"; that "outside doctors" be allowed to treat inmates; that soap and lotion be provided to inmates; that higher-caloric foods be offered to inmates with AIDS; that the kitchen be forced to "prepare hot temperature food that is eatable"; that insects be removed from the grits and oatmeal; that rehabilitative classes be offered; and that computer service be provided. (ECF No. 10 at 1-2).

2. Plaintiff's "Motion for Preliminary Injunction Seeking a Hearing for TRO Injunction Pursuanting (sic) to Federal Rule 65." (ECF No. 13). The gravamen of Plaintiff's original complaint was a First Amendment denial of access to courts claim. Plaintiff stated in a conclusory fashion that he was being denied medical care. He provided no details and named no defendants in relation to this claim. In this request for injunctive relief, Plaintiff states that he is being denied "proper medical care for his right an (sic) left shoulder rower cup[s] (sic)" The Court assumes he is referring to his rotator cuffs. Plaintiff requests to be moved to "Augusta State Prison Medical Center" to be treated by a specialist.
3. Plaintiff's "Expedited Motion for Augment Records for TRO Injunction Proceedings" (ECF No. 15). Although no model of clarity, as the heading implies, Plaintiff appears to be requesting discovery pursuant to Federal Rule of Civil Procedure 34 so that he might prepare for his TRO hearing or trial.
4. Plaintiff's "Motion for Injunction Relief for TRO." (ECF No. 16). Plaintiff requests that he be moved to "Augusta State Medical Facility" so that he can receive specialized care for AIDS, his "skin condition," and his rotator cuffs. ]

The Eleventh Circuit has held that a plaintiff seeking a preliminary injunction bears the burden of establishing four elements: (1) that there is a substantial likelihood of success on the merits; (2) that Plaintiff will be irreparably harmed if injunctive relief is denied; (3) that the threatened injury outweighs whatever damage the injunction may cause to the alleged infringer; and (4) that the injunction, if issued, will not be adverse to the public interest. *McDonalds Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998) (citations omitted). Injunctive relief will not issue unless the complained of conduct is imminent and no other relief or compensation is available. *Cunningham v. Adams*, 808 F.2d 815, 821l (11th Cir. 1987) A temporary restraining order or a preliminary injunction is a drastic remedy used primarily for maintaining the status quo of the parties. *Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982).

Because Plaintiff has not shown a substantial likelihood of success on the merits, the Court need not address the remaining three elements. Plaintiff is not entitled to recover costs at this time in the litigation, nor can he have Defendants removed from their jobs. (ECF No. 10). Moreover, the United States Magistrate Judge has recommended that only one of Plaintiff's claims proceed

forward, his claim that he has been denied access to the courts. Plaintiff may file another complaint if he wishes to make his unrelated Eighth Amendment deprivation of medical care claim. The Court will not grant injunctive relief involving this unrelated claim. (ECF No. 13, 16). Plaintiff has no constitutional right to be moved to another facility and the Court, therefore, certainly cannot order him to be immediately transferred. (ECF No. 13, 16); *Adams v James*, 784 F.2d 1077, 1079 (11th Cir. 1986) (citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976)). Finally, Plaintiff has no right to any form of expedited discovery. (ECF No. 15) Plaintiff may seek discovery in the manner explained in detail in the Order and Recommendation addressing Plaintiff's complaint that was filed on this same date.

Because Plaintiff has failed to meet the four-prong test for obtaining injunctive relief, it is **HEREBY RECOMMENDED** that Plaintiff's four motions at ECF No. 10, 13, 15, and 16 be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this **RECOMMENDATION** with the United States District Judge, **WITHIN FOURTEEN (14) DAYS,** after being served a copy thereof.

**SO RECOMMENDED**, this 10th day of September, 2012.

S/ STEPHEN HYLES
UNITED STATES MAGISTRATE JUDGE