IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ALLEN ALPHONZO ADAMS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CIVIL ACTION NO.: 5:12-CV-321 (MTT) |
| | : | |
| JUNE BISHOP and LORI WILLIAMS, | : | |
| | : | |
| Defendants. | : | |

**O R D E R**

Presently pending before the Court is Defendants' Motion to Dismiss (ECF No. 41) the Complaint. Additionally, Plaintiff currently has pending twenty miscellaneous motions including a motion to amend the Complaint (ECF No. 32) and a motion for appointment of counsel (ECF No. 46). For the following reasons, Plaintiff's motions to amend and for appointment of counsel are denied. Defendants' motion to dismiss is granted and Plaintiff's remaining pending motions are denied as moot.

**BACKGROUND**

Plaintiff filed his Complaint on August 10, 2012, asserting several unrelated claims. After preliminary review of his Complaint as amended, only his claims for a violation of his First Amendment rights against Defendants Bishop and Williams have been allowed to go forward. Specifically, Plaintiff contends that these Defendants have been stopping his "legal mail" from reaching court. In support of this contention, Plaintiff provided a document from the Supreme Court of Georgia Clerk's Office which states that the court has not received Plaintiff's appeal. Plaintiff has subsequently moved to amend his Complaint to add Commissioner Brian Owens, Warden Carl Humphrey, June Bishop,

James McMillan, "maintenance man Young," and the "Butts County Fire Marshall Chief Inspector." (Mot. for Am. Add Defs. Joined Parties 1, ECF No. 32.)

Defendants Bishop and Williams move to dismiss Plaintiff's Complaint based on Plaintiff's accrual of three strikes and for abuse of process. (Defs.' Pre-Answer Mot. to Dismiss 2, ECF No. 41.) Defendants contend that Plaintiff amassed three strikes under 28 U.S.C. § 1915(g) prior to the filing of this action such that Plaintiff cannot be allowed to proceed IFP. Furthermore, Defendants aver that Plaintiff was dishonest when he failed to reveal these prior strikes such that his Complaint should be dismissed for an abuse of process. Plaintiff has failed to respond to this motion.

## DISCUSSION

### I. Motion to Amend

Plaintiff moves to amend his Complaint to add several new defendants to this action. Plaintiff has previously been granted the right once to amend his Complaint as of course (Order 1, Sept. 10, 2012, ECF No. 19) pursuant to Federal Rules of Civil Procedure Rule 15(a)(1). Plaintiff must therefore seek permission to amend pursuant to Rule 15(a)(2), which should be "freely given when justice so requires."

Here, Plaintiff's motion to amend is denied because his amendment would be futile. *See, e.g., Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004) ("[A] district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile.") Plaintiff seeks to add defendants but alleges no facts concerning those defendants and asserts no claims against them except for June Bishop who is already a defendant in this action. Defendants against whom no allegations have been made may be properly dismissed from an action. *See Douglas v.*

*Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (affirming dismissal of defendants against whom the plaintiff had made no specific allegations). It would be futile to grant Plaintiff's motion to amend to then merely dismiss the amended Defendants. Plaintiff's motion is therefore denied.

## II.     Motion to Appoint Counsel

Under 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel." However, there is "no absolute constitutional right to the appointment of counsel." *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the Court should consider, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 682 F.2d 850, 853 (11th Cir. 1989).

Plaintiff has set forth the essential factual allegations underlying his claims, and the applicable legal doctrines are readily apparent. Plaintiff therefore has not alleged the exceptional circumstances justifying appointment of counsel under *Holt*. Accordingly, Plaintiff's motion for appointment of counsel is denied.

## III.    Motion to Dismiss[1]

### A.    Three Strikes Provision

On August 10, 2012, Plaintiff filed a motion to proceed *in forma pauperis* ("IFP")

---

[1] Defendants move to dismiss Plaintiff's Complaint under 28 U.S.C. § 1915(g), Federal Rules of Civil Procedure Rule 41(b), and Federal Rules of Civil Procedure 12(b)(6). Because the Court finds that Plaintiff accumulated three strikes under the Prisoner Litigation Reform Act prior to the filing of this action, his Complaint must be dismissed. The Court declines to address Defendants' other reasons for dismissal.

with this Court. Based upon a review of Plaintiff's motion, affidavit, certified trust account statement, Complaint, and prior filings by Plaintiff, the Court granted Plaintiff's motion on September 10, 2012. Importantly, Plaintiff failed to state in his Complaint that he had been granted IFP status previously in multiple cases, and that in at least three of those cases, his complaint was dismissed as frivolous, malicious, or for failure to state a claim. (Compl. 2-3, ECF No. 1.).

In response to Plaintiff's Complaint, Defendants moved to dismiss based upon, *inter alia*, the three strikes provision of the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(g). Pursuant to 28 U.S.C. § 1915(g), a prisoner who has filed three or more complaints that have been dismissed as frivolous, malicious, or for failure to state a claim, is barred from filing a complaint *in forma pauperis*, unless the prisoner is "under imminent danger of serious physical injury."[2] This is referred to as the "three strikes provision" of the PLRA. Defendants cite to four previous cases filed by Plaintiff to show that he is subject to the three strikes provision—*Adams v. Garner*, No. 6:99-cv-36 (S.D. Ga. 1999), *Adams v. Hart*, No. 5:11-cv-436 (M.D. Ga. 2011), *Adams v. Commissioner of Bibb County, Ga.*, No. 11-15605-C (11th Cir. 2011), and *Adams v. Unknown County Commissioner*, No. 1:11-cv-153 (M.D. Ga. 2011).

In *Adams v. Garner*, Plaintiff's case was dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with the court's orders. *Adams v. Garner*, No.

---

[2] 28 U.S.C. § 1915(g) states in full:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

6:99-cv-36, slip op. 1 (S.D. Ga. Jun. 4, 2002); (Defs.' Pre-Answer Mot. to Dismiss Ex. A). This was Plaintiff's first strike. *See, e.g., Allen v. Clark*, 266 F. App'x 815, 817 (11th Cir. 2008) (counting a dismissal for failure to prosecute as a strike for purposes of 28 U.S.C. § 1915(g)); *see also Crummie v. Veloz*, No. 10-23571, 2010 WL 5059560 at *2-3 (summarizing the types of dismissals that are considered "strikes" in the Eleventh Circuit) (S.D. Fla. Nov. 10, 2010). On November 8, 2011, this Court dismissed *Adams v. Hart*, No. 5:11-cv-436, for failure to state a claim. *Adams v. Hart*, No. 5:11-cv-436, slip op. 8 (M.D. Ga. Nov. 8, 2011). 28 U.S.C. § 1915(g). This was Plaintiff's second strike. Likewise, the Eleventh Circuit dismissed Plaintiff's appeal from *Adams v. Hart* on March 27, 2012. *Adams v. Comm'r of Bibb Cnty., Ga.*, No. 11-15605-C, slip op. 1-2 (11th Cir. Mar. 27, 2012). Specifically, the Eleventh Circuit found that Plaintiff's appeal was frivolous. *Id.* at 2. This was Plaintiff's third strike. *See, e.g., Wardell v. Dep't of Corr.*, 72 F. App'x 739, 740 (10th Cir. 2003) (finding district court dismissal and appeal dismissal in same case to each count as a "strike" under 28 U.S.C. § 1915(g)). Finally, on November 28, 2011, this Court dismissed *Adams v. Unknown County Commissioner* as duplicative of a previous case filed by Plaintiff. This dismissal is synonymous with dismissing a case for being malicious and counts as Plaintiff's fourth strike. *See, e.g., Washington v. Gibbons*, 2010 WL 2329918, at *1 & n.2 (S.D. Ga. May 18, 2010) (finding dismissal as duplicative to be same as dismissal for maliciousness) (citing *Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir. 1993)).[3]

    Defendants now move to dismiss this action because Plaintiff failed to pay the filing fee at the time of commencement of the action. *See Dupree v. Palmer*, 284 F.3d 1234,

---

[3] The Fifth Circuit explained in *Pittman*: "[I]t is malicious for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff." 980 F.2d at 995.

1236 (11th Cir. 2002) (explaining that an inmate must "pay the filing fee at the time he *initiates* the suit") (emphasis in original).  In *Dupree*, the Eleventh Circuit explained that the proper procedure for a court to follow when it later becomes apparent that a plaintiff is not entitled to IFP status due to the three strikes provision is to dismiss the complaint *without prejudice*.  284 F.3d at 1236.  Thus, Plaintiff's Complaint shall be dismissed unless he falls within the imminent danger exception to 28 U.S.C. § 1915(g).

B.  Imminent Danger Exception

Title 28, United States Code section 1915(g) provides that a prisoner cannot proceed IFP in an action if he has acquired three strikes "unless the prisoner is under imminent danger of serious physical injury."  To qualify for the "imminent danger" exception to the three strikes rule, Plaintiff must make "'specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004) (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). The "imminent danger" must be present at the time the complaint is filed, not merely at a prior time. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999); *see also Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003) (imminent danger present where a "genuine emergency" exists and "time is pressing").

Plaintiff has not alleged that he is in imminent danger of any serious physical injury. His general allegations that he was denied medical care in the past for food poisoning (Compl. 9) do not establish that he is currently in imminent danger of any serious physical injury.  This exception therefore does not apply to Plaintiff and his Complaint is dismissed without prejudice.

**IV.     Miscellaneous Motions**

Plaintiff currently has pending eighteen miscellaneous motions.  (ECF Nos. 24, 25, 26, 27, 29, 30, 33, 34, 39, 46, 47, 48, 49, 50, 53, 55, 59, 73, 79.)   Since the Court is dismissing Plaintiff's Complaint, these motions are denied as moot.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to amend (ECF No. 32) and motion to appoint counsel (ECF No. 46) are denied.   Defendants' motion to dismiss (ECF No. 41) is granted.   Plaintiff's miscellaneous motions (ECF Nos. 24, 25, 26, 27, 29, 30, 33, 34, 39, 46, 47, 48, 49, 50, 53, 55, 59, 73, 79) are denied as moot.

SO ORDERED, this 11th day of September, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT